## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH ANTHONY FAVORS, | Case No. 20-CV-0932 (JRT/TNL) |
| Plaintiff, | |
| v. | |
| JODY HARPSTEAD et al., | |
| Defendants. | |

| | |
|---|---|
| JOSEPH ANTHONY FAVORS, | Case No. 20-CV-0939 (JRT/TNL) |
| Plaintiff, | |
| v. | |
| JODY HARPSTEAD et al., | |
| Defendants. | |

| | |
|---|---|
| JOSEPH ANTHONY FAVORS, | Case No. 20-CV-1002 (JRT/TNL) |
| Plaintiff, | |
| v. | |
| JODY HARPSTEAD et al., | |
| Defendants. | |

**ORDER**

These actions come before the Court on Plaintiff Joseph Anthony Favors's

(1) Complaint for Compensation/Injunctive and Declaratory Relief, filed in *Favors v.*

*Harpstead*, No. 20-CV-0932 (JRT/TNL) (D. Minn. Apr. 13, 2020) (First Complaint); (2) Complaint for Compensation/Injunctive and Declaratory Relief, filed in *Favors v. Harpstead*, No. 20-CV-0939 (JRT/TNL) (D. Minn. Apr. 13, 2020) (Second Complaint); and (3) Complaint for Compensation/Injunctive and Declaratory Relief, filed in *Favors v. Harpstead*, No. 20-CV-1002 (JRT/TNL) (D. Minn. Apr. 23, 2020) (Third Complaint). For the following reasons, the Court consolidates these actions under Federal Rule of Civil Procedure 42(a)(2), and orders Favors to provide an amended complaint putting forth his claims in one consolidated pleading.

**I.      BACKGROUND**

Favors filed the Complaints in a two-week period in April 2020. *See* First Compl. 1; Second Compl. 1; Third Compl. 1. Favors is a client of the Minnesota Sex Offender Program (MSOP). *See, e.g.*, Second Compl. 5. Each Complaint alleges that various individuals violated Favors's constitutional rights (and Minnesota state laws) through conduct related to deciding whether Favors could (1) transfer to Community Preparation Services (CPS), an MSOP program providing clients greater personal freedoms; and (2) receive a provisional discharge from MSOP itself. *See, e.g.*, First Compl. 3–21; Second Compl. 3–21; Third Compl. 2–19; *see also* Minn. Dep't of Human Services, Reduction in Custody/Special Review Board, MSOP Policy No. 215-5060 (Mar. 5, 2019) (Petition Policy), *available at* https://mn.gov/dhs/people-we-serve/adults/services/sex-offender-treatment/msop-policies.jsp (last accessed June 25, 2020); Minn. Dep't of Human Services, CPS Client Liberties, MSOP Policy No. 225-5020 (Aug. 6, 2019) (CPS Policy), *available*

*at* https://mn.gov/dhs/people-we-serve/adults/services/sex-offender-treatment/msop-policies.jsp (last accessed June 25, 2020).[1]

The Dakota County District Court civilly committed Favors in March 2009. *See, e.g.*, Second Compl. 7; *see also In re Civil Commitment of Favors*, No. A09-2306, 2010 WL 2486349, at *2 (Minn. Ct. App. June 22, 2010). According to Favors, that court's decision stated that Favors had "manifested a 'sexual, personality or mental disorder'" that caused him to "lack[] adequate control over his sexually harmful behavior." Second Compl. 7. Favors has apparently been an MSOP client since his commitment.

Under MSOP policy, "reduction in custody" means "a transfer out of a secure facility (e.g., a transfer from MSOP Moose Lake or MSOP St. Peter to CPS), a provisional discharge, or a discharge from commitment." Petition Policy 2. An MSOP client seeks a reduction in custody by filing a petition with MSOP's Special Review Board (SRB), a three-member panel of which reviews the petition. *See id.* at 2–3. After a hearing, the panel provides "written Findings of Fact and [a] Recommendation" to the Minnesota Department of Human Services. *See id.* at 1, 8. Various entities (including the client) can petition the Supreme Court Appeal Panel (SCAP)—a "panel of district court judges established by" Minnesota statute—to reconsider the SRB's recommendation. *See id.* at 2, 8. The SCAP then addresses the petition. *See id.* at 8–9. Under MSOP policy, "[an SCAP]

---

[1] The Court has used the cited MSOP policies to familiarize itself with the process of petitioning for a CPS transfer or provisional discharge. The policies are not attached to any case filings. But under Federal Rule of Evidence 201(b), this Court may take judicial notice of facts that are "not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Given Rule 201(b), the Court sees no reason why it cannot take judicial notice of these policies for the limited purpose of understanding the background of Favors's claims. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (noting that courts "may take judicial notice of judicial opinions and public records" (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)).

3

order granting a reduction in custody . . . is effective 15 days after the entry of judgment." *Id.* at 9.

Favors has petitioned for a reduction in custody at least twice. During a first attempt, the SRB recommended in 2016 that Favors be transferred to CPS. *See* Am. Compl. for Compensation & Decl. Relief 7, *Favors v. Harpstead*, No. 19-CV-2094 (JRT/TNL) (D. Minn. Dec. 28, 2019) (Earlier-Matter Complaint). Following a reconsideration request, the SCAP ruled in August 2017 that Favors "ha[d] made extensive clinical progress" and "ha[d] established by a preponderance of the evidence that [a] transfer is appropriate at this time." *Id.* (quoting ruling). But MSOP authorities did not transfer Favors to CPS, claiming that CPS overcrowding and an associated lack of funding prevented the transfer. *See, e.g.*, *id.* at 9–10; First Compl. 12.

In 2019, Favors—who still had not been transferred to CPS—petitioned the SRB for a provisional discharge and/or full discharge. *See* Earlier-Matter Compl. 15. The SRB denied these requests, but, as alleged by Favors, stated that Favors "would benefit from 'reintegration opportunities' available at CPS," and so granted Favors a CPS transfer for a second time. Second Compl. 11–12. As best as the Court can tell, the SCAP affirmed the SRB's recommendation in June 2019. *See id.* at 11, 15. At some point after that decision— possibly in November 2019—MSOP authorities did in fact transfer Favors to CPS. *See* Earlier-Matter Compl. 4, 9.

With this background in place, the Court can briefly summarize the Complaints.

- The First Complaint contends that, at various times after Favors's first successful request for a CPS transfer, MSOP staff placed him in various bodily restraints. *See, e.g.*, First Compl. 3–7. Because CPS

4

      does not generally use bodily restraints, Favors argues that when MSOP staff used them on him—after SCAP determined that he deserved a CPS transfer—this violated his constitutional rights as well as Minnesota state law. *See id.* at 3, 15–21. Favors also claims that because the failure to transfer him to CPS left him to reside with more-dangerous roommates, MSOP staff were deliberately indifferent to a risk of serious bodily harm. *See, e.g.*, *id.* at 9.

- The Second Complaint also hinges on the idea that MSOP authorities should have placed Favors in CPS following the SCAP's August 2017 transfer recommendation. *See* Second Compl. 7–8. Favors alleges that CPS participants get certain "reintegration opportunities," that the failure to transfer him denied him those opportunities, and that numerous medical professionals' statements show that getting those opportunities is necessary to meet his mental-health needs. *See id.* at 9–11, 14. Favors contends that the long delay in transferring him shows deliberate indifference by MSOP staff. *See id.* at 4, 9–11.

- The Third Complaint focuses on Favors's 2019 provisional-discharge request. The SRB denied that request, stating that Favors "had not provided a Provisional Discharge Plan with sufficient conditions (including a defined placement where he has been accepted)." Third Compl. 2–3. Favors contends that his plan met the needed requirements, and that the SRB's failure to properly apply the relevant criteria violated his constitutional rights. *See id.* at 3–4. Favors also argues that various MSOP officials themselves had a responsibility to help him find a specific placement location for a provisional discharge, but failed to do so. *See id.* at 5–6.

## II.    ANALYSIS

###     1.    Consolidation

    Given the substantive connections between the three Complaints, the Court will first consider whether the cases should be consolidated. The Court may consolidate any action under Federal Rule of Civil Procedure Rule 42(a) if the actions involve a common question of law or fact.

5

The Court concludes that the Complaints raise common questions of law and/or fact. The First and Second Complaints both allege that MSOP officials violated Favors's legal rights by failing to place Favors in CPS after the SCAP ordered such a transfer. Likewise, the Third Complaint contains allegations related to MSOP staff's response to Favors's attempts to use the SRB/SCAP process to pursue a reduction-in-custody. Because the Complaints raise common questions of law and fact, the Court orders that case numbers 20-CV-0932, 20-CV-0939, and 20-CV-1002 be consolidated into one action.

### 2.     Consolidated Amended Pleading

As a consolidated action, this case will need a new operative pleading. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear." *Gurman v. Metro Housing & Redev. Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). That is, a complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016).

Favors has struggled to comply with Rule 8 before and this Court has explained to him at some length what he must do to comply with Rule 8. *See, e.g.*, R&R 3–7, *Favors v. Lourey*, No. 19-CV-2094 (JRT/TNL) (D. Minn. Mar. 2, 2020). Even after repeated warnings about Rule 8, however, Favors has continued to file pleadings that miss the mark. *See id.* at 6–7 (detailing Favors's litigation history in this District). Thus, the Court has

serious concerns that Favors will not file a consolidated amended complaint that complies with Rule 8.

This being said, the Court will give Favors a chance to file a consolidated amended complaint presenting all the claims from the First, Second, and Third Complaints in a clear, concise, organized fashion. This pleading will be due within 30 days of this Order's date. This consolidated amended complaint must meet all of the following requirements:

- First, the consolidated amended complaint must be an entirely new pleading.

- Second, the consolidated amended complaint must include a complete and coherent description of the historical facts on which Favors's lawsuit is based. (Specifically, the Court should not have to dig through public records and other documents to understand the basis for Favors's claims.)

- Third, the consolidated amended complaint must identify clearly each individual defendant that Favors intends to sue, describe what he or she did that was unlawful, and explain how that defendant's action or inaction violated Favors's rights. The consolidated amended complaint must also indicate the capacity in which Favors intends to sue each individual defendant.

- Fourth, Favors must identify in each count of the amended complaint the specific defendants against whom he intends to bring that cause of action, the specific factual allegations that support that cause of action, and what relief he seeks through that cause of action. Blanket references to all named defendants or to every factual allegation in the complaint are insufficient unless Favors clearly articulates why such pleading is appropriate.

If Favors does not comply with these directions, the Court will recommend that this action be dismissed. *See* Fed. R. Civ. P. 41(b); *see also Olson v. Little,* 978 F.2d 1246 (8th Cir. 1992) (affirming *sua sponte* dismissal for Rule 8 violation). Moreover, given Favors's extensive litigation history in this District, and the repeated chances he has been given to

7

comply with Rule 8 in prior actions, the Court will seriously consider whether the consolidated amended complaint should be dismissed *with prejudice*.

Furthermore, the three complaints here also appear to overlap significantly with the complaint that Favors filed in case number 19-CV-2094 (JRT/TNL). That complaint contains several allegations that relate to Favors's transfer to CPS and the use of bodily restraints. Favors has recently been ordered to file an amended complaint in that case. *See, e.g.*, Order, ECF No. 59, *Favors v. Lourey*, No. 19-CV-2094 (JRT/TNL) (D. Minn. Aug. 25, 2020). Given the significant overlap between that case and the three here, Favors is encouraged to use this opportunity to combine case number 19-CV-2094 with the three cases here when he files his consolidated amended complaint. Favors is also encouraged to file his consolidated amended complaint in a single action and to voluntarily dismiss the remaining matters so that this case can proceed more efficiently.

### 3. Referral to FBA

In the three actions before the Court, Favors has not requested the assistance of counsel. But in case number 19-CV-2094, which, as the Court noted above, appears to be related to these three cases, Favors has been referred to the Pro Se Project of the Minnesota Chapter of the Federal Bar Association ("PSP"). *See, e.g.*, Order, ECF No. 59, *Favors v. Lourey*, No. 19-CV-2094 (JRT/TNL) (D. Minn. Aug. 25, 2020). The Court therefore concludes it is appropriate to refer Favors to the PSP for possible assistance with these three cases as well. The PSP operates a program of volunteer lawyers who donate their time to assist unrepresented individuals. "[T]he Court has no obligation to refer a pro se litigant to the [PSP]." *Rickmyer v. ABM Sec. Servs., Inc.*, No. 15-CV-4221 (JRT/FLN),

2016 WL 1248677, at *5 (D. Minn. Mar. 29, 2016) (citing cases), *aff'd*, 668 F. App'x 685 (8th Cir. 2016); *see also Henderson v. Minnesota*, No. 19-CV-0135 (MJD/ECW), 2019 WL 2223950, at *2 (D. Minn. May 23, 2019) (quoting *Rickmyer*). But under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The Court will therefore refer Favors by separate correspondence to the PSP. Favors should bear in mind that while one of the PSP's volunteer lawyers may agree to represent him, *there is no requirement that a volunteer lawyer do so or that any lawyer be appointed to assist him.*[2]

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The actions in this district labeled No. 20-CV-0932 (JRT/TNL), No. 20-CV-0939 (JRT/TNL), and No. 20-CV-1002 (JRT/TNL) are consolidated.

2. Favors must submit a consolidated amended complaint meeting the conditions discussed above within 30 days of this Order's date, failing which the Court will recommend dismissal of this action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

[continued on next page]

---

[2] If a volunteer lawyer elects to assist Favors and believes that he or she needs more time to craft a consolidated amended complaint, the Court will entertain a motion for a reasonable extension of time to file the consolidated amended complaint.

3. By separate correspondence, the Court will refer Favors to the Pro Se Project of the Minnesota Chapter of the Federal Bar Association.

Dated:  August 28, 2020         *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Favors v. Harpstead, et al.*
Case Nos. 20-cv-932 (JRT/TNL); 20-cv-939 (JRT/TNL); and 20-cv-1002 (JRT/TNL)